UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

DEBRA VAN NESTE,

    Plaintiff,

v.

ORLANDO HEALTH, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, DEBRA VAN NESTE ("Ms. Van Neste" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from ORLANDO HEALTH, INC ("OH" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

### PARTIES AND VENUE

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

3. Plaintiff worked for Defendant in Orlando, Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from serious health conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently as an Monitor Tech in Orlando, Florida, from around March 1999 until her termination on October 20, 2020.

8. During her decades with OH, Ms. Van Neste was an excellent and reliable employee, with no significant history of non-FMLA related attendance, tardiness, or disciplinary issues.

9. In early July 2020, Ms. Van Neste contracted COVID-19 while working at OH, which necessitated a two-week quarantine.

10. Immediately, Plaintiff informed OH Supervisors of her supervisors of her serious health condition and need for leave.

11. It is clear that Ms. Van Neste informed her supervisor of her ongoing and disabling serious health condition for which she needed medical leave.

12. Ms. Van Neste's disclosure should have prompted Defendant to inform Ms. Van Neste of her rights and obligations pursuant to the FMLA.

13. OH's failure to provide Ms. Van Ness with proper guidance and notice of her FMLA rights was, alone, a clear violation of the FMLA and constituted actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.*, 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

14. As ordered by her physician, Ms. Van Neste began what should have been protected FMLA leave and took a brief leave of absence, and informed her supervisors of same.

15. Soon after she returned from leave, on October 20, 2020, OH's Human Resources Department informed Ms. Van Neste that OH had decided to terminate her employment, effective immediately.

16. As a reasoning for its decision, OH's Human Resources Representative stated that Ms. Van Neste's "attendance had gone downhill in 2020."

17. It is clear that OH was referring to Ms. Van Neste's utilization of what should have been protected FMLA.

18. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Van Neste notifying OH of her serious health conditions, and in retaliation for Ms. Van Neste requiring unpaid and requesting leave pursuant to the FMLA in order to treat and address same.

19. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

20. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

21. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

22. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

23. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

24. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

25. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

26. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide her FMLA and guidance, and by otherwise refusing to allow Plaintiff to freely exercise her right to utilize FMLA leave to which she was entitled.

31. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by subjecting her to spurious discipline and by terminating her employment for utilizing or attempting to utilize what should have been FMLA-protected leave, and for her request for FMLA leave.

37. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

38. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of October, 2022.

> Respectfully Submitted,
>
> */s/ Noah E. Storch*
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR. 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile:   (954) 337-2771
> E-mail: **noah@floridaovertimelawyer.com**
>
> *Attorneys for Plaintiff*